**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**


UNITED STATES OF AMERICA,                                      Criminal No. 06-62  JMR/AJB

                          Plaintiff,

v.                                                      **REPORT AND RECOMMENDATION**

(1)     TENG VANG, and
(2)     PENG THAO,

                          Defendants.


        W. Anders Folk, Esq., Assistant United States Attorney, for the plaintiff, United States of
America;

        Robert Malone, Esq., for defendant Teng Vang; and

        James E. Ostgard, Esq., for defendant Peng Thao.


        This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan,

on April 14, 2006, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101.  The Court

issued an Order on Motions dated April 17, 2006, reserving defendants' motions to suppress

statements and search and seizure evidence for submission to the district court on report and

recommendation.

        Based upon the file and documents contained therein, along with testimony and exhibits

received at hearing, the Magistrate Judge makes the following:

**Findings**

        On January 27, 2006, Anoka County District Court Judge Dan Kammeyer issued a

warrant to search a particularly described residence and appurtenant structures, including garages,

sheds, and storage areas, in Coon Rapids, Minnesota, along with a particularly identified Honda

Prelude automobile and the person of Teng Vang  (Hearing Exh. No. 1).  The location is further

identified in the supporting affidavit as the residence of Teng Vang.  The search warrant identified the

objects of the warrant as controlled substances, including methamphetamine; containers used to store

drugs; drug use paraphernalia and equipment used to weigh and dispense drugs; records and materials

showing supply sources and transactions; items showing constructive possession of contraband;

firearms and ammunition; computers and electronic equipment and information storage items; and

money and valuables representing profits and proceeds from drug transactions.  The warrant further

granted authority to answer phone calls and converse accordingly during execution of the warrant,

authority to photograph the search location and search items, and authority of dispose of hazardous

materials.  The warrant was issued on the basis of probable cause contained in the Affidavit of

Anoka/Hennepin Drug Task Force Detective Travis Bolles, including confidential informant and

surveillance information, as well as electronically monitored controlled drug buy evidence obtained

within the previous 72 hours.

The warrant to search the Coon Rapids residence was executed on January 30, 2006.

During the interim between issuance and execution of the warrant, officers continued the surveillance of

the location and observed fluctuating levels of activity.  In an effort to protect the informant's identity the

warrant execution was not immediately executed.  In the course of the search officers took numerous

photographs, including photos of physical evidence, locations in the house, and materials that field

tested positive for methamphetamine  (Hearing Exh. No. 4).  Defendant Teng Vang was present during

execution of the search warrant though defendant Peng Thao was not at the house.  In the search

officers discovered three digital weighing scales which they photographed, along with three safes which

were opened and left at the scene after photographing items contained in the safes.  The downstairs

northeast bedroom was occupied by defendant Thao's wife Ka Vang and their two children.  In the

bedroom approximately $9000 in cash was found in a hat and included $280 in drug buy money.  In

addition, $600 in cash and a safe key were found in a shirt in the northeast bedroom.  The key did not

work in a safe in the northeast bedroom but was later found to fit in another safe that had already been

forcibly opened and had Teng Vang's name written on it.  A third safe was pried open.  The scales and

safes were not tested for drug residue and were not examined for fingerprints.  Drug buy money that

was recovered in the search was not segregated for evidentiary purposes but was placed back into the

police drug buy fund for later use.  Defendant Teng Vang was arrested at the time of the search warrant

execution.  Defendant Peng Thao was arrested the following day, January 31, 2006, on a charge of

constructive possession of drugs, when he appeared at the police station to talk with Detective Bolles.

Pursuant to Detective Bolles practice, the scales and safes were not preserved or seized based upon

police inventory storage space limitations and because the items themselves were not unlawfully

possessed contraband.  The safes were left in the residence and the scales were discarded within a

couple of days following the search.

**Statements.**  At approximately 9:33 p.m. on January 31, 2006, Detective Bolles met

with defendant Teng Vang at the Anoka County Jail for purposes of an interview.  Defendant Vang

provided interview statements and the interview was taped and transcribed (Hearing Exh. No. 2).

Detective Bolles informed the defendant of his Miranda rights and Mr. Vang expressly acknowledged

that he understood each of his rights.  The defendant further indicated that he was willing to talk with the

officer, and Vang provided responses to questions presented to him.

At approximately 12:27 p.m. on February 1, 2006, Detective Bolles met with

defendant Peng Thao at the Anoka County Jail to conduct an interview.  Defendant Thao likewise

provided interview statements and again the interview was taped and transcribed (Hearing Exh. No. 3).

Detective Bolles informed the defendant of each of his <u>Miranda</u> rights and Mr. Thao expressly

acknowledged that he understood each of his rights and indicated that he would be willing to speak

with the officer.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**<u>Conclusions</u>**

Evidence seized pursuant to a warrant to search a particularly described residence and

appurtenant structures, including garages, sheds, and storage areas, in Coon Rapids, Minnesota, along

with a particularly identified Honda Prelude automobile and the person of Teng Vang  (Hearing Exh.

No. 1), was not unlawfully obtained in violation of the constitutional rights of either defendant Teng

Vang or defendant Peng Thao.  The residence search warrant was issued on January 27, 2006, and

was based upon sufficient probable cause as stated in the Affidavit of Anoka/Hennepin Drug Task

Force Detective Travis Bolles, and as determined by Anoka County District Court Judge Dan

Kammeyer.  The warrant properly and sufficiently identified the location of the search and the items to

be seized.  Furthermore, the evidence submitted in support of probable cause was not impermissibly

stale so as the fatally diminish its probative value.  A controlled buy had been conducted within 72

hours of the time of warrant application and the warrant was executed within three days thereafter.

4

Execution of the warrant was delayed for a reasonable length of time for the appropriate purpose of

protecting the identity of the confidential informant and the delay did not render the probable cause

stale, particularly under circumstances under which surveillance of the search location and defendant

Vang was conducted during the interim between warrant issuance and execution, and the informant had

reported that in the past Vang had sold methamphetamine to the informant at the search location.

United States v. Formaro, 152 F.3d 768, 771 (8th Cir. 1998)(passage of time less significant where

continuing criminal activity is suspected).  Also, the court finds no persuasive justification for a

successful challenge to the reliability of the confidential informant in this instance, particularly where the

informant participated in a controlled drug buy, the informant's information was stated as first hand and

not rumor, and the informant implicated himself in criminal activity, i.e. purchasing drugs.  United States

v. Williams, 10 F.3d 590, 593 (8th Cir. 1993)(informant may be shown reliable either through track

record of supplying reliable information or by independent corroboration of information provided).  The

search warrant in this matter was lawfully issued and there is no requirement for suppression of

evidence seized pursuant to the warrant on probable cause grounds.

**Preservation of Search Evidence.**  Suppression of search and seizure evidence that

was not physically preserved for examination by defendants, or dismissal of the indictment based upon

failure to preserve such evidence, is not required.  Law enforcement officers did not impermissibly deny

defendants access to exculpatory evidence by merely taking photos and thereafter discarding digital

scales and failing to physically seize safes which were found in the course of a search warrant execution.

A due process violation may occur where the government fails to disclose material

exculpatory evidence, but the failure to preserve potentially useful evidence does not violate due

process if the defendant cannot show bad faith on the part of police.  United States v. Iron Eyes, 367

F.3d 781, 786 (8th Cir. 2004)(citing Arizona v. Youngblood, 488 U.S. 51, 58, 109 S.Ct. 333 (1988)).

The court finds no evidence of bad faith on the part of officers with respect to the failure to preserve

physical evidence and further finds no failure to preserve material exculpatory evidence.  Officers

endeavored to preserve evidence with photographs; the non-preserved items were not contraband or

the material subjects of the charged offenses; the non-preservation of the items was based upon

legitimate storage considerations and was not for any case-related evidentiary reason; and the

exculpatory evidence theory offered by defendant Thao is entirely speculative and in any event does not

support a conclusion that the defendant has been denied access to favorable evidence.[1]  Id.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the

following:

## RECOMMENDATION

The Court **hereby recommends** that:

1.  Defendant Teng Vang's Motion to Suppress Evidence Obtained as a Result of

Search and Seizure be **denied** [Docket No. 32];

---

[1]  Though the court does not find grounds for dismissal or suppression of evidence based upon destruction of evidence, the court notes that photographs are generally a poor substitute for physical evidence.  The defendants may indeed be permitted to comment upon the police destruction of physical evidence at trial.  In addition, nothing herein precludes defendants from seeking an instruction to the jury regarding spoliation of evidence.  Officer Bolles, and any other officer or law enforcement department using a similar policy, should seriously reconsider the "practice" of destroying or discarding physical evidence prior to trial in reliance upon photos and inventory storage justifications.

2.  Defendant Peng Thao's Motion to Suppress Evidence Obtained as a Result of

Search and Seizure be **denied** [Docket No. 22];

3.  Defendant Peng Thao's Motion for Suppression of Confessions or Statements be

**denied**  [Docket No. 25];

4.  Defendant Peng Thao's Motion to Suppress Evidence Derived from Intentionally

Destroyed or Unpreserved Physical Evidence be **denied**  [Docket No. 26]; and.

5.  Defendant Peng Thao's Motion to Dismiss based upon Intentional Destruction or

Loss of Evidence be **denied.**


Dated:      May 1, 2006


       s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge


Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and
Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections
which specifically identify the portions of the Report to which objections are made and the bases for
each objection.  This Report and Recommendation does not constitute an order or judgment from the
District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written
objections must be filed with the Court before May 14, 2006.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to
review a transcript of the hearing in order to resolve all objections made to this Report and
Recommendation, the party making the objections shall timely order and file a complete transcript of
the hearing within ten days of receipt of the Report.